## WILLIAM A. BIGELOW & another *vs.* LUCIUS SMITH.

An assignee in insolvency who has taken possession of personal property which had been mortgaged by the debtor in fraud of creditors, and filed a bill in equity to prevent a transfer of the mortgage by the mortgagee, may hold the same against one to whom the mortgage, and the note which it was given to secure, were subsequently assigned for a good consideration and without notice.

A party to a mortgage of personal property is a competent witness to invalidate it.

TORT for the conversion of machinery and other personal property. At the trial in the superior court, before *Wilkinson,* J., a verdict was returned for the defendant, and the plaintiffs alleged exceptions. The facts are stated in the opinion.

*D. W. Alvord,* for the plaintiffs.

*J. C. Davis,* (*G. T. Davis* with him,) for the defendant.

HOAR, J. The plaintiffs' exceptions show that Townsend & Rich, who were the owners of the personal property in controversy, mortgaged it to Paige & Hosmer, citizens of Connecticut, on the 19th of January 1860, by a mortgage which was fraudulent as against creditors. On the 2d of February 1860, Townsend & Rich went into insolvency, the first publication being on February 5th 1860, and the defendant was chosen their assignee, and took possession of the mortgaged property. On the 5th of March 1860, the defendant filed a bill in equity, praying for an injunction against any transfer of the mortgage, but no service was made, except by a publication in a newspaper. On the 22d of May 1860, before either of the notes secured by the mortgage fell due, Paige & Hosmer transferred the notes, and assigned the mortgage to the plaintiffs in New York, the plaintiffs having no notice of the fraud or insolvency, or of the bill in equity. The judge who presided at the trial instructed the jury that these facts constituted a good defence to the action, and we are of opinion that this instruction was right.

The principle upon which the plaintiffs rely is certainly well settled, that a purchaser in good faith from the fraudulent grantee of a debtor acquires a good title against the creditors of the original grantor; but it has no just application to the

relation between these parties.   All the cases cited relate either
to real estate, or to conveyances made to the innocent grantee
before any attempt on the part of creditors to set them aside as
fraudulent.   The latter class of cases does not touch the point
in controversy; and the distinction between real and personal
estate in respect to it is a vital one.   The title to real property
can only be transferred by deed.   When conveyed in mortgage,
if the condition is not performed, the mortgagee has the title
until he has released or conveyed it.   It is the object of our reg-
istration laws to protect a purchaser who takes a conveyance in
good faith according to the apparent title on the record.   But
no deed or writing is made by law essential to the transfer of
title to personal property.   A purchaser must take it upon his
vendor's warranty of title.   A mortgage duly recorded gives
certain rights to the mortgagee, created and defined by the stat-
ute ; but the statute does not change the nature of the property,
nor require that all subsequent changes in title shall be shown
upon the record.   An assignment or release of the mortgage is
not required to be recorded.   The mortgagor and mortgagee
may join in a sale, which will give a perfect title to the chattel
sold, and the record furnish no evidence of it.   A creditor of the
mortgagor may attach the mortgaged property, and acquire a
right to apply it to the satisfaction of his debt, unless the mort-
gagee interposes seasonably for the assertion of his rights.   The
mortgagee may be summoned as the trustee of the mortgagor,
and the validity and extent of the mortgage may be tried in that
form.

   The effect of the facts proved at the trial upon the conflicting
claims of the parties is clearly this, that when Paige & Hosmer
assigned the mortgage to the plaintiffs, they had no title to the
mortgaged property, and could convey nothing by the assign-
ment.   By *St.* 1838, *c.* 163, § 5, the assignment in insolvency
conveyed to the defendant all property of Townsend & Rich
which might have been taken in execution upon a judgment
against them, at the time of the first publication of the notice
of the issuing of the warrant; and by *St.* 1856, *c.* 284, §§ 26, 27
it conveyed all property which had been alienated by them in

violation of the provisions of the statutes relating to insolvency. The fraudulent mortgage by Townsend & Rich was not void, but voidable; and if the plaintiffs had acquired their title by a purchase in good faith for a valuable consideration, before any act done to avoid the mortgage, they would have stood on a different and stronger ground. But the defendant, in his capacity as assignee, had avoided the mortgage. He had taken possession of the property, under an absolute claim of right, and had converted it to his own use, before the purchase by the plaintiffs was made. He stands in the same position as a creditor of Townsend & Rich would have done, who had seized and sold the mortgaged property on execution, on the ground that the mortgage was fraudulent at common law, before the plaintiffs' title accrued. He has the elder and better title.

The exception to the admission of the testimony of Rich, on the ground that he was not a competent witness to invalidate his own conveyance, must also be overruled. The rule by which, in this commonwealth, parties to negotiable promissory notes and bills of exchange have been excluded from giving testimony to invalidate the instrument to which they had given circulation by their signature, has never been extended to questions respecting the title to property. *Exceptions overruled.*